## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY ROMA JAGE, individually and as mother and next of friend of Vilia T. Jage, and MICHAEL P. JAGE,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>TRUST COMPANY OF OKLAHOMA; THOMAS W. WILKINS, individually and as President, Chief Executive Officer, and Chairman of the Board of Trust Company of Oklahoma; RONALD J. SAFFA, individually and as a shareholder in Morrell, West, Saffa, Craige & Hicks, Inc.; MORREL, WEST, SAFFA, CRAIGE & HICKS, INC.; JAMES C. MILTON, individually and as a partner in Doerner, Saunders, Daniel & Anderson, L.L.P.; JAMES E. POE, individually and as a partner in Covington & Poe; COVINGTON & POE; LEE I. LEVINSON; TERRY J. BARKER, individually and as a partner in Pezold, Caruso, Barker & Woltz; PEZOLD, CAURSO, BARKER & WOLTZ now known as Pexold, Barker & Woltz; WILLIAM C. KELLOUGH, individually and as a partner in Boone, Smith, Davis, Hurst & Dickman and as a shareholder in Boone, Smith, Davis, Hurst & Dickman, Inc.; BOONE, SMITH, DAVIS, HURST & DICKMAN; BOONE, SMITH, DAVIS, HURST, & DICKMAN, INC.; BANK ONE, N.A.; J.P. MORGAN CHASE & CO.; JAMES E. WEGER, individually and as a partner in Jones, Givens, Gotcher, & Bogan; JONES, GIVENS, GOTCHER & BOGAN; JONES, GOTCHER & BOGAN; PATRICIA WALLACE HASTINGS; and JOHN DOES 1 - 10, whose identifies are not yet known;<br><br>　　　　Defendants. | Case No. 06-CV-249 -GKF-FHM |

## **O P I N I O N   A N D   O R D E R**

This matter comes before the court on "Plaintiff's Verified Statement of Bias and Prejudice of United States District Court Judge Gregory K. Frizzell." [Document No. 108]. In the filing, plaintiff Mary Roma Jage alleges, pursuant to 28 U.S.C. §144, personal bias or prejudice of the undersigned judge.

For the reasons set forth below, the court finds the affidavit legally insufficient and concludes that recusal would be inappropriate.

28 U.S.C. §144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

This lawsuit arises from a dispute over the Frank A. Wallace Trust created by Frank A. Wallace, and the LTW Revocable and Irrevocable Trusts and the LTW Life Insurance Trust created by Lorrice T. Wallace (the "Trusts.). Plaintiffs are variously beneficiaries or contingent beneficiaries of those Trusts. Defendants are the trustee of the Trusts, Trust Company of Oklahoma ("TCO"); an officer of TCO; the attorney who participated in drafting of certain of the Trusts, attorneys involved in a guardianship proceeding for Lorrice T. Wallace; attorneys representing TCO, Lorrice T. Wallace, and various beneficiaries of the Trusts; and those attorneys' firms in litigation over the Trusts. Plaintiffs assert claims of breach of fiduciary duty

2

and fraud and collusion against TCO and the individual defendants, negligent supervision against the law firms, and attorney deceit and collusion against defendants Ronald J. Saffa, James C. Milton and James E. Poe. [Document No. 2].

This case was filed on May 9, 2006, and originally assigned to the Honorable Terrence C. Kern. The case was subsequently transferred to the undersigned. The affidavit at issue was filed thereafter. The undersigned had previously presided over *In re: the Lorice T. Wallace Revocable Trust,* Case No. PT-2002-56, Tulsa County, Oklahoma District Court, while serving as a state court judge in Tulsa County District Court. The affidavit recites various orders issued by the undersigned in that case, and one ruling in this case, in support of her conclusion that "bias and prejudice" exist on the part of the court.

The simple act of the filing of the affidavit does not automatically disqualify a judge. The affidavit must comply with 28 U.S.C. §144 and the judge must pass on the legal sufficiency of the affidavit presuming all factual allegations in the affidavit as true. *United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976). Affidavits of disqualification must allege personal rather than judicial bias. *Id.* They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. *Id.*

Disqualification under 28 U.S.C. §144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial. *In re McCarthey,* 368 F.2d 1266, 1269 (10th Cir. 2004). The Tenth Circuit has stated,

> Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. There must be a reasonable factual basis to question the judge's impartiality. The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. Section 455 does not require recusal based only on assumptions about a

judge's beliefs that are not substantiated by the facts of record.

*Id.* at 1269-1270 (*citations omitted*).

A judge's involvement in a previous related matter does not automatically establish a basis for disqualification. *Town of Norfolk v. United States Army Corps of Engineers,* 968 F.2d 1438, 1462 (1st Cir. 1992). Nor will previous decisions of the court in a matter suffice to establish bias, absent a showing that the judge's opinions were derived from some extrajudicial source. *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147 (1994). In *Liteky,* the Supreme Court analyzed the "extrajudicial source" doctrine at length. The court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest of circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible....*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration–even a stern and short-tempered judge's ordinary efforts at courtroom administration–remain immune.

*Id.* at 555-56. The court concluded that "...judicial rulings, routine trial administration efforts, and ordinary admonishments" are insufficient to show bias when they occurred in the course of judicial proceedings and neither (1) relied upon knowledge acquired outside such proceedings

4

nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *Id.* at 556. Applying the standards set forth in *Liteky,* the Tenth Circuit has held that statements made by a trial judge about a criminal defendant during a change of plea hearing, reflecting the judge's belief that she was likely to be convicted if she went to trial, did not establish bias. *United States v. Young,* 45 F.3d 1995 (10th Cir. 1995).

The court has examined plaintiff's affidavit, accepting as true all factual allegations therein. The allegations all involve decisions and statements made by the undersigned during the state court case and this case. The affidavit makes no allegations of any extra-judicial source for the court's opinions, decisions and statements. Nor do the decisions evidence a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky* at 556.

A trial judge has as much obligation *not* to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true. *Bray* at 857. The court, therefore, finds that Plaintiff's Verified Statement of Bias and Prejudice [Document No. 108] fails to establish bias, and declines to recuse or disqualify itself from this matter.

IT IS SO ORDERED this 6th day of November, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma