IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY ROMA JAGE, individually and as )
mother and next friend of Vilia T. Jage, and )
MICHAEL P. JAGE, )
)
      Plaintiffs, )
) Case No. 06-CV-249-GKF-FHM
vs. )
)
TRUST COMPANY OF OKLAHOMA, et al., )
)
      Defendants. )

## OPINION AND ORDER

This matter comes before the court on the motion filed by defendant Trust Company of Oklahoma and intervenor Yorktown Holding, LLC to Compel Plaintiffs to Post Supersedeas Bond Pending Appeal or in the Alternative Voluntarily Release Notice of Lis Pendens [Docket No. 184].

On December 10, 2008, this court entered an Amended Order [Document No. 176] which cancelled, released, and discharged a Lis Pendens notice filed in the land records maintained by the Tulsa County Clerk. *See* Document No. 91-9, pp. 2-4. The Lis Pendens, filed on behalf of the plaintiffs by their counsel, operates to bind third parties with notice that any interest they may acquire in any of five (5) specified parcels of real property pending litigation will be subject to the outcome of this federal action. This court discharged the Lis Pendens for two reasons. First, the court determined that it must abstain from the assertion of jurisdiction over the properties because the properties are part of the trust *res* over which the Oklahoma state courts had previously assumed jurisdiction. Second, the court concluded that the doctrine of claim preclusion bars any collateral attack against certain state court orders which approved the sale of four of the parcels of property.[1]

---

[1] The orders approving the sale of the trust property by Trustees of the estates have been approved on appeal by the Oklahoma appellate courts. Plaintiff Mary Roma Jage ("Jage") was a party to the proceedings in which the sales were approved.

The court found that the operation of lis pendens in this case is harsh, arbitrary and inequitable, as it prevents Yorktown Holdings from conveying real property lawfully purchased from the trusts over two years ago, and where the Oklahoma state appellate courts fully and finally affirmed the state court orders approving the sales of the trust properties over twenty-two (22) months ago. Cancellation of the lis pendens does not result in prejudice to the plaintiffs because Ms. Jage was a party to the state court proceedings and had a full and fair opportunity to litigate the issues there.

Plaintiffs subsequently filed an interlocutory appeal of the court's Amended Order. [Document No. 186].

Movants seek an order from this court directing plaintiffs to file a bond pending its interlocutory appeal because Yorktown Holdings has entered into approximately six million dollars ($6,000,000) worth of real estate contracts to sell lots of property subject to the Lis Pendens. Yorktown Holding's title insurance underwriter has refused to issue title insurance on those real estate contracts insofar as the Oklahoma Supreme Court "has held generally that lis pendens continues through the time within which an appeal, writ of error, or other action may be taken to review the judgment." *Wilkin v. Shell Oil Co.*, 197 F.2d 42, 50 (10th Cir. 1952). Yorktown Holdings states that its inability to obtain title insurance will prevent it from closing on the real estate contracts and will consequently result in Yorktown defaulting on the contracts.

State law governs the propriety of filing a notice of lis pendens from a federal lawsuit. *Hamilton v. Smith*, 808 F.2d 36, 37 (10th Cir. 1986). As mentioned above, the Oklahoma Supreme Court has generally held that lis pendens continues through the time within which an appeal may be taken. *Wilkin*, 197 F.2d at 50; *Stuart v. Coleman*, 188 P. 1063, 1065 (Okla. 1920). The rationale for Oklahoma's general rule is simple:

> Where the law gives a right of review to an appellate court, all persons are necessarily charged with notice thereof, and it would seem reasonable to hold that the operation of lis pendens ought to be adequate to give a litigant protection until he can pursue all the remedies to which he is entitled in the action, and therefore, though a judgment or decree final in form has been entered, the cause ought still to be deemed pending while the right to prosecute it further by appeal remains.

Id. (quoting 17 Ruling Case Law, 1042). Here, however, plaintiff Roma Jage had a full and fair opportunity to litigate the issues she has raised in this case before the Oklahoma state courts. She lost, but continues to harass the trustees with the filing of lis pendens on properties the trustees sold years ago. The Oklahoma state courts approved the contracts of sale, both at the trial court level and on appeal in March of 2007. Since Jage has previously been afforded the right to pursue her theories and her remedies in state court, the rationale for the general rule does not apply in this subsequent federal action.

The issue of whether to require a bond pending appeal to protect the prevailing party is an issue of procedure controlled by federal law. *Griffin v. Federal Land Bank of Wichita*, 1989 WL 60303 (D. Kan.). Other federal courts have approved appeal bonds as a condition of continuing a lis pendens. *Hadid v. Al-Ibrahim*, 1997 WL 606422 (D. Colo.); *Geris v. Piedmont Federal Corp.*, 1994 WL 603198 (E.D. Va.), aff'd, 1994 WL 525052 (4th Cir.). In this case, the general rule – that the notice of lis pendens continues though appeal – ought not apply. The court concludes that plaintiffs should be required to post an appeal bond in the event they wish to maintain the lis pendens through appeal.

Because of the value of Yorktown Holding's real property encumbered by the lis pendens and the value of the pending real estate contracts, as established by the testimony at hearing before the court [Document No. 206], a large bond is warranted to maintain the effect of the lis pendens.

3

IT IS THEREFORE ORDERED, that within fifteen (15) days of the date of this order, plaintiffs shall post a bond in the amount of $6,000,000.00 on their interlocutory appeal of the order lifting the Lis Pendens on the five specified parcels of real property. If no such bond is posted within the aforementioned time, the Lis Pendens shall have no further effect pending appeal.

WHEREFORE, the Motion by defendant Trust Company of Oklahoma and Intervenor Yorktown Holding, LLC to Compel Plaintiffs to Post Bond Pending Appeal [Docket No. 184] is granted.

IT IS SO ORDERED this 16th day of February 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma